**Mildred K. DAVIS, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. AC 1078.**

United States District Court
E. D. South Carolina,
Aiken Division.
July 31, 1964.

Henderson, Salley & Cushman, Aiken, S. C., for plaintiff.

Terrell L. Glenn, Columbia, S. C., for defendant.

SIMONS, District Judge.

This is an action under Section 205(g) of the Social Security Act, as amended, 42 U.S.C.A. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare.

The plaintiff in this action filed an application for disability insurance benefits under Sections 223(a) and 216(i) of the Social Security Act on October 4, 1960, alleging that she became unable to work on June 3, 1960, at age 47. The only issue before this Court is whether there is substantial evidence to support the defendant's decision that the plaintiff has not been continuously disabled within the meaning of Sections 223 and 216(i) of the Act, 42 U.S.C.A. § 423 and 416(i), on or before January 1, 1961, so as to entitle plaintiff to disability insurance benefits, and on or before January 4, 1961 so as to entitle plaintiff to a period of disability.

The hearing examiner's decision denying plaintiff's application for disability benefits was rendered September 26, 1962. The Appeals Council denied a Request for Review of this decision on January 18, 1963, thereby adopting the hearing examiner's findings. Plaintiff has now appealed to this Court for a review of the entire record and of the findings by the defendant.

The Court must sustain the conclusions of the Secretary if they are supported by substantial evidence, and is not to try the case de novo.

At the same time, the Court must not abdicate its traditional function to scrutinize the record as a whole to determine whether the conclusions reached are rational. Thomas v. Celebrezze, 4 Cir., 331 F.2d 541.

The plaintiff in this case is a female, born October 29, 1912. She had been employed as a textile worker since the age of 16 until she retired in June, 1960. Her educational background consists of the completion of the first nine grades of school and part of the tenth. The only employment she has ever had has been in the textile mills as a weaver and a battery filler. She separated from her husband in 1939, and she reared her only son who was age 18 in 1952.

Plaintiff alleges a disability for purposes of the Social Security Act as a result of extreme nervousness, mental depression, recurrent headaches, vertigo associated with nausea and vomiting, arthritis, deafness in right ear and post sub-dural hematoma syndrome.

Apparently, her impairment began in the year 1954 when she suffered a blow to the head which later resulted in a chronic subdural hematoma. She successfully underwent an operation in January 1958 to remove the subdural hematoma [blood clot in the tissue surrounding the brain]. Although plaintiff made a good recovery following this serious operation, she continued to suffer extreme nervousness and periods of depression. She received electro-shock treatments in October 1958 and it was reported that she made a good response.

Dr. Wallace D. McNair, Jr., has treated the plaintiff since 1946. In a letter dated May 6, 1960 to the plaintiff's employer he reported that: "This is to certify that Mrs. Mildred Davis is now disabled to perform the duties that she has been performing, due to severe headaches, vertigo and deafness in the right ear. * * * She has continued to go down physically and in my opinion has now reached a point where she is no longer able to work."

He again reported on October 31, 1960 that the plaintiff had diagnoses of "post subdural syndrome" and extreme nervousness and depression. He further noted that the condition was static and

that the plaintiff "can't work around machinery due to vertigo". He also made the following remarks:

"This patient had subdural hematoma removed 1958 on right side, patient has old history of head injury 1954. Patient has been extremely nervous—headaches right frontal area—recurrent attacks of vertigo—shock therapy in 1958 helped nervousness and depression for a while—will probably have more in near future."

In his final statement dated April 14, 1962, Dr. McNair stated:

" * * * Mrs. Mildred Davis, age 49, supplementary report since last Social Security Report filled out November, 1961.

"Patient has had five episodes of severe vertigo, lasting from 10 to 14 days. This vertigo is associated with nausea and vomiting and a feeling that she will pass out if she gets on her feet. * * * In my opinion Mrs. Davis is not able to be employed in a gainful occupation."

Dr. J. M. Echols treated plaintiff on September 13, 1958 for extreme nervousness and agitation and referred her to Dr. Benjamin F. Moss. Dr. Moss indicated a diagnosis of depression and administered the aforementioned electro-shock treatment to the plaintiff.

It is obvious from these reports that the plaintiff continued to suffer after the removal of the hematoma.

Rather than rely on the diagnosis of plaintiff's family doctor of some 16 years duration and of the reports by Drs. Echols and Moss, defendant relies for his decision on the one study made by Dr. Julius T. Johnson who saw plaintiff for the first and only time in May of 1961. His diagnosis was "Depressive reaction, chronic, moderate." His report further states that efforts to rehabilitate the patient would be in order.

■ It is the opinion of this Court that the Secretary is not supported by substantial evidence in his findings in this case.

There is a preponderance of medical evidence in the record to prove that the claimant herein has suffered severe pain before and after the operation in January 1958, to remove the blood clot from her brain. It is undisputed that she suffered dizzy spells, severe headaches, and periodic spells of vertigo prior to June 1960 and as late as April 1962. Every doctor who has examined the plaintiff since 1954 has recognized that her physical condition has required corrective treatment. She is totally deaf in one ear.

I find that the hearing examiner erroneously construed the statement in Dr. McNair's report of October 31, 1960 to mean only that the plaintiff should not work around machinery. It is evident from his prior report of May 6, 1960, and his subsequent report, that Dr. McNair intended to mean that the plaintiff could not engage in any substantial gainful activity in general.

■ I also disagree with the defendant in his assertion that the fact that plaintiff stays in her son's home with the grandchildren indicates that she is not disabled. It is not necessary that one be bedridden to come within the statute's provisions. Thomas v. Celebrezze, 4 Cir., 331 F.2d 541. The ability to do a little housework is insufficient to negative presumption that claimant is unable to engage in substantial gainful employment. Mims v. Celebrezze, D.C., 217 F.Supp. 581.

The hearing examiner is clearly in error in adopting by direct citation the theory of Judge Hand that "[a] man may have to endure discomfort or pain and not be totally disabled; much of the best work of life goes on under such disabilities; * * * The only work available to the insured must do more than hurt, it must substantially aggravate his malady. * * *" Theberge v. United States [2 Cir. 1937], 87 F.2d 697.

This theory that actual pain may not be disabling under the Social Security statute has now been discredited and is no longer followed since the purpose of much of the social security legislation is to

295

ameliorate some of the rigors of life. Butler v. Flemming, 5 Cir., 288 F.2d 591; Hayes v. Celebrezze, 5 Cir., 311 F.2d 648; Page v. Celebrezze, 5 Cir., 311 F.2d 757.

From a review of the entire record in this proceeding, it is the opinion of this Court that the claimant is entitled to a period of disability and to disability benefits under Sections 223 and 216 of the Social Security Act and that plaintiff was disabled on or before June 3, 1960. It is, therefore,

Ordered, that the decision of the Secretary be, and it is hereby reversed; and it is further

Ordered, that plaintiff, Mildred K. Davis, be entitled to benefits by the provisions of Sections 223, 216 and related sections of the Social Security Act as amended (42 U.S.C.A. §§ 423 and 416 (c)).

Let judgment be entered for the plaintiff.